ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| CARLOS E. COLÓN BURGOS ET ALS. RECURRIDOS<br><br>v.<br><br>PEDRO RIVERA DURAN ET ALS PETICIONARIO | KLCE202301309 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Número: CG2023CV01429<br><br>Sobre: Sentencia Declaratoria y otras |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de diciembre de 2023.

Comparecen los demandados-peticionarios, señor Pedro Rivera Durán (Sr. Rivera Durán), Versatech, Inc. y Versatech Products, Inc. (Versatech), Prime Development Corporation (Prime) y Tu Farmacia Móvil Corp. (Tu Farmacia), mediante una Petición de *certiorari*. Los peticionarios nos solicitan la revocación de una *Orden de Entredicho Provisional* emitida por el Tribunal de Primera Instancia, Región Judicial de Caguas (TPI) el 3 de noviembre y notificada el 9 de noviembre de 2023 (orden recurrida) y que se ordene al TPI a cumplir con la Sentencia emitida por el Tribunal Supremo de Puerto Rico (TS).

**I**

Los demandantes y recurridos, el señor Carlos E. Colón Burgos (Sr. Colón Burgos) y la señora Xiomara S. Rivera Rodríguez (Sra. Rivera Rodríguez) presentaron, el 8 de mayo de 2023, una *Demanda Jurada,* en la cual solicitaron lo siguiente: que el Tribunal reconozca y declare que el Sr. Colón Burgos es dueño en un 50% de Versatech, Prime, y Tu Farmacia (las Corporaciones) y que procede la disolución de éstas bajo lo dispuesto en el Artículo 9.03 de la Ley de Corporaciones, 14 LPRA § 3703, el cual establece un mecanismo expedito para la disolución de

corporaciones dedicadas a una empresa común compuesta por dos accionistas o igual cantidad de acciones.[1]

El mismo día que se presentó la *Demanda Jurada,* los demandantes presentaron una *Urgente Moción de Entredicho* Provisional *e Injunction Preliminar,* con el reclamo de que el Sr. Rivera Durán, como Presidente de las Corporaciones, se encontraba realizando actos afirmativos con el fin de despojar al Sr. Colón Burgos de su residencia que pertenece a Prime y de varios automóviles del Sr. Colón Burgos y de la Sra. Rivera Rodríguez que pertenecen a varias de las Corporaciones. El propósito de solicitar ese remedio extraordinario es prevenir que el Sr. Rivera Durán tenga acceso a la participación que le corresponde al Sr. Rivera Durán como codueño de las Corporaciones.

Los demandados presentaron una *Moción solicitando la desestimación del entredicho provisional e injunction preliminar.*[2] Los demandantes presentaron una *Oposición/réplica a* "*Moción solicitando la desestimación del entredicho provisional e injunction preliminar*",[3] los demandados presentaron una *Réplica a oposición a Moción solicitando la desestimación del entredicho provisional e injunction preliminar,*[4] y, los demandantes presentaron una *Dúplica en oposición a mal llamada* "*Moción solicitando la desestimación del entredicho provisional e injunction preliminar*".[5]

El 7 de agosto de 2023, se emitió una *Resolución,* notificada el 9 de agosto de 2023, por el Honorable Benicio G. Sánchez La Costa del Tribunal de Primera Instancia, Sala Superior de Caguas.[6] En el dictamen recurrido, se dispuso lo siguiente:

> LUEGO DE EXAMINAR LA DEMANDA, CONTESTACIONES A DEMANDA Y/O RECONVENCIONES PRESENTADAS EN ESTE CASO, ASÍ COMO LOS ESCRITOS PENDIENTES A FAVOR Y EN CONTRA DE LA SOLICITUD DE LA DEMANDANTE PARA

---

[1] Apéndice de la *Petición de Certiorari*, págs. 1-140.
[2] Apéndice de la *Petición de Certiorari*, págs. 180-190.
[3] Apéndice de la *Petición de Certiorari*, págs. 191-225.
[4] Apéndice de la *Petición de Certiorari*, págs. 226-234.
[5] Apéndice de la *Petición de Certiorari*, págs. 235-252
[6] Apéndice de la *Petición de Certiorari*, pág. 317.

QUE SE EXPIDA UNA ORDEN DE ENTREDICHO PROVISIONAL/*INJUNCTION* PRELIMINAR, **PROCEDE QUE EL SUSCRIBIENTE SE INHIBA DE CONTINUAR FUNGIENDO COMO JUEZ DEL CASO** POR LOS FUNDAMENTOS EXPRESADOS EN LA RESOLUCIÓN SOBRE INHIBICIÓN DE ESTA FECHA.[7]

SIN EMBARGO, EN ÁNIMO QUE **NO SE ALTERE EL "STATUS QUO" ENTRE LAS PARTES** EN LO QUE SE DILUCIDA LA SOLICITUD/OPOSICIÓN AL ENTREDICHO PROVISIONAL/*INJUNCTION* PRELIMINAR PENDIENTE DE CONSIDERACIÓN, **DISPONEMOS QUE LAS PARTES CODEMANDADAS NO REALIZARÁN NINGÚN ACTO DE LOS ESPECIFICADOS EN LAS PÁGINAS 24 Y 25 INCISOS 1 AL 6 DE LA SOLICITUD DE ENTREDICHO PROVISIONAL** FECHADA 8 DE MAYO DE 2023, ENTRADA NÚM. 2 DE SUMAC EN LO QUE SE REALIZA LA TRANSFERENCIA DE SALA DEL CASO. (Énfasis nuestro.)

Inconformes, los peticionarios recurrieron ante este Tribunal de Apelaciones mediante el recurso número KLCE202300913. El 31 de agosto de 2023, emitimos una *Resolución* que denegó la expedición del auto de *certiorari*.

Aún inconformes, los peticionarios recurrieron al Tribunal Supremo mediante un recurso de *certiorari*. El 5 de octubre de 2023, se emitió una Sentencia por el Tribunal Supremo que dispuso lo siguiente:

No existe controversia en torno a que el Juez Sánchez La Costa se inhibió *motu propios* de los procedimientos ante su consideración. Siendo así, éste estaba impedido de intervenir en el caso desde el momento en que conoció la causa que lo inhabilitaba. Véase Mun. de Carolina v. CH Properties, *supra*, pág. 710.

En vista de lo anterior, se revoca la *Resolución* del Tribunal de Apelaciones del 31 de agosto de 2023 y se devuelve el caso al Tribunal de Primera Instancia para que celebre una vista de *injunction* preliminar inmediatamente, en conformidad con lo aquí dispuesto.[8]

El mandato al TPI fue expedido el 23 de octubre de 2023, y transcurridos 11 días sin que se haya emitido una orden por el TPI en cumplimiento con lo ordenado en la Sentencia del Tribunal Supremo, los

---

[7] Véase, *Resolución de inhibición*, Apéndice del recurso, págs. 322-323. En esencia, el Magistrado explicó que, en la *Demanda Jurada* de la parte demandante-recurrida del epígrafe se hicieron alegaciones en torno a los licenciados Christian Francis Martínez y José Gueits Ortiz, quienes se encontraban entre las preinhibiciones del Hon. Sánchez La Costa.

[8] *Apéndice de la Petición de Certiorari*, pág. 345.

recurridos presentaron, el 3 de noviembre de 2023, una *Moción solicitando calendarización de vista de injunction preliminar conforme al mandato del Tribunal Supremo*.[9] Se expone en esa moción que las razones por las cuales solicitan un *injunction* preliminar continúan latentes, por lo que solicitaron que**,** conforme al mandato del Tribunal Supremo, se calendarice la vista de *injunction* preliminar en noviembre o a principios de diciembre.[10]

El TPI emitió el 3 de noviembre de 2023 la orden recurrida en la cual dispuso lo siguiente:

> El caso está señalado para el 21 de marzo de 2024 a las 9:00AM mediante videoconferencia.
>
> Es la fecha hábil más próxima en nuestro calendario.
>
> Se concede el entredicho provisional hasta la fecha de la vista.[11]

Inconformes, los peticionarios presentaron una *Petición de certiorari*, con el siguiente señalamiento de error:

> Actuó *ultra vires*, incumplió el mandato del Tribunal Supremo y abusó de su discreción el TPI al conceder la orden de entredicho provisional y al no señalar <u>inmediatamente</u> la vista de interdicto preliminar.

Además, los peticionarios presentaron una *Moción en Auxilio de Jurisdicción,* en la cual solicitaron que se paralizaran los efectos de la *Orden* recurrida. El 27 de noviembre de 2023 emitimos una *Resolución* que dispuso se declaró **ha lugar la *Moción en auxilio de jurisdicción***, dejó **sin efecto la orden recurrida**, emitida el 3 de noviembre de 2023 y notificada el 9 de noviembre de 2023; y **se paralizaron los procedimientos ante el TPI**, hasta que otra disposición emita este Tribunal de Apelaciones.

**II**

### *A. Certiorari*

El recurso de certiorari es "un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de

---

[9] Apéndice de la Petición de *Certiorari*, págs. 347-349.
[10] Apéndice de la Petición de *Certiorari*, pág. 348.
[11] Apéndice de la Petición de *Certiorari*, pág. 350.

un tribunal inferior." *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012). En nuestro ordenamiento procesal civil, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.52.1 dispone lo siguiente:

[…]

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

La norma establecida es que el asunto que se nos plantee en el auto de certiorari debe tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, *supra*, toda vez que esta regla enumera taxativamente bajo que materias, solamente, se podrá expedir el auto de *certiorari*. Se ha reiterado que las partes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes o resoluciones interlocutorias sobre materias que no están especificadas en la Regla 52.1 de Procedimiento Civil, *supra*. En estos casos, en los cuales la materia no está comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Por consiguiente, procede realizar un análisis dual para determinar si se expide o no un recurso de *certiorari*. Este examen consta de una parte objetiva y otra parte subjetiva. En primer lugar, tenemos que analizar si la materia contenida en el recurso de certiorari tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1

de Procedimiento Civil, *supra*. Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, debemos o no expedir el auto de *certiorari*. La Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, establece los criterios que nos corresponde tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

1. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
2. Si la situación de hechos planteada es la más indicada para el análisis del problema.
3. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
4. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
5. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración
6. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio
7. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De acuerdo con lo dispuesto en la Regla 40, *supra*, debemos evaluar "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; [a los fines de] determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Recordemos que la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros", sino que como Tribunal revisor debemos ceñirnos a los criterios antes señalados. Si luego de evaluar los referidos criterios, decidimos no expedir el recurso, podemos fundamentar nuestra determinación, pero no tenemos la obligación de así hacerlo.

Los foros apelativos no debemos intervenir con las determinaciones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación

de cualquier norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### B. Injunction

El Artículo 675 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3521, define el remedio de *injunction* como "un mandamiento judicial expedido por escrito, bajo el sello de un tribunal, por el que se requiere a una persona para que se abstenga de hacer, o de permitir que se haga por otras bajo su intervención, determinada cosa que infrinja o perjudique el derecho de otra."[12] Se trata de un remedio extraordinario que "es, por naturaleza, dinámico: '**se caracteriza por su perentoriedad**, por su **acción dirigida a evitar un daño inminente o a restablecer el régimen de ley** conculcado por conducta opresiva, ilegal o violenta del transgresor del orden jurídico.'" *Mun. de Loíza v. Sucns. Suárez et al*, 154 DPR 333, 367 (2001), que cita a *Noriega v. Gobernador*, 130 DPR 919, 932 (1992) que cita a *Peña v. Federación de Esgrima de P.R.* 108 DPR 147, 154 (1978).

La Regla 57 de Procedimiento Civil,[13] dispone sobre los remedios de entredicho provisional, el *injunction* preliminar y el *injunction* permanente, la vista en sus méritos. En cuanto a los criterios para expedir **una orden de entredicho provisional** o *injunction* **preliminar**, la Regla 57.3 de Procedimiento Civil, *supra*, establece que el tribunal deberá considerar, entre otros, los siguientes:

> (a) la naturaleza del daño a que está expuesto la parte peticionaria.
> (b) la irreparabilidad del daño o la inexistencia de un remedio adecuado en ley;
> (c) la probabilidad de que la parte promovente prevalezca;
> (d) la probabilidad de que la causa se torne en académica;
> (e) el impacto sobre el interés público del remedio que se solicita, y
> (f) la diligencia y la buena fe con que ha obrado la parte peticionaria.[14]

---

[12] Véase, *Next Step Medical v. Bromedicon*, 190 DPR 474, 485-486 (2014).
[13] 32 LPRA Ap. V, R. 57 (Reglas 57.1-57.7).
[14] 32 LPRA Ap. V, R. 57.3.

La Regla 57.1 de Procedimiento Civil, *supra*, dispone sobre la orden de entredicho, en lo pertinente al recurso ante nuestra consideración, lo siguiente:

[…]

Toda orden de entredicho provisional concedida sin notificación previa llevará constancia de la fecha y la hora de su expedición; será archivada inmediatamente en la Secretaría del tribunal y registrada; en ella se definirá el perjuicio y se hará constar por qué el mismo es irreparable y la razón por la cual se expidió la orden sin notificación previa, y de acuerdo con sus términos expirará dentro de un período de tiempo después de ser registrada, que será fijado por el tribunal y **no excederá de diez (10) días**, a menos que sea prorrogada dentro del término así fijado por causa justa probada y por un período de tiempo igual, o a menos que la parte contra la cual se haya dictado la orden dé su consentimiento para que sea prorrogada por un período mayor. Las razones que haya para tal prórroga se harán constar en el récord. En caso de que se dicte una orden de entredicho provisional sin notificación previa, la **moción para un auto de injunction preliminar** será **señalada para ser vista en la fecha más próxima que sea posible** y **tendrá preferencia sobre todos los demás asuntos**, excepto aquellos que sean más antiguos y de la misma naturaleza. Cuando la moción sea llamada para vista, la parte que obtuvo la orden de entredicho provisional procederá con su solicitud de injunction preliminar y, si así no lo hace, el tribunal la dejará sin efecto. Con dos (2) días de aviso a la parte que obtuvo la orden de entredicho provisional, sin aviso o previo aviso por un término más corto a dicha parte según lo disponga el tribunal, la parte adversa podrá comparecer y solicitar la disolución o modificación de la orden, y en ese caso se procederá a oír y resolver la moción con toda la prontitud que requieran los fines de la justicia. (Énfasis nuestro.)

**III**

Los peticionarios nos señalan en su *Petición de certiorari* que el TPI actuó *ultra vires*, incumplió el mandato del Tribunal Supremo y abusó de su discreción el TPI al conceder la orden de entredicho provisional y al no señalar <u>inmediatamente</u> la vista de interdicto preliminar. Según el derecho expuesto, para determinar si debemos expedir el recurso de *certiorari* solicitado, en primer lugar, nos corresponde determinar si el asunto planteado versa sobre alguna de las materias contenidas en la Regla 52.1 de las de Procedimiento Civil. En el presente recurso, el asunto versa sobre un asunto civil sobre un remedio extraordinario sobre unas peticiones de entredicho provisional y de un *injunction* preliminar,

por lo cual, se trata de un asunto que requiere nuestra atención para evitar un fracaso irremediable de la justicia.

Luego de evaluar detenidamente la *Petición de certiorari*, y conforme a lo expuesto sobre los eventos procesales y al derecho aplicable esbozado, resolvemos que procede emitir el auto de *certiorari*, y revocar la orden recurrida porque se cometió el error señalado.

El Juez del TPI incumplió con la Sentencia del Tribunal Supremo antes citada, en la cual le ordenó que señalara la vista de *injunction* preliminar inmediatamente; no lo hizo. Señaló la vista para el 21 de marzo de 2024, más de 4 meses después de emitido el mandato de la Sentencia del Tribunal Supremo. El marco de la inmediatez requerida por el Tribunal Supremo es lo dispuesto en la Regla 57 .1 de Procedimiento Civil, *supra*. Además, emitió una orden de entredicho provisional hasta la vista señalada para el 21 de marzo de 2024, que incumple los criterios dispuesto en la Regla 57.1 de Procedimiento Civil, *supra*, para emitir la misma.

**IV**

Por todo lo antes expuesto, **se expide el auto de *certiorari*, se revoca la orden recurrida en su totalidad**, y, se ordena al TPI que **señale la vista de *injunction* preliminar** ordenada en la Sentencia del Tribunal Supremo, para una fecha **no mayor de 10 días desde la notificación de esta Sentencia emitida en el caso del epígrafe**.

De conformidad con lo dispuesto Regla 35 del Reglamento del Tribunal de Apelaciones,[15] **se suspenden los efectos del mandato**.

**Notifíquese a las partes y al Juez Elías Rivera Fernández, Tribunal Superior, Sala de Caguas.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[15] 4 LPRA Ap. XII-B. R. 35.